The instructions to the jury submitted to them the only question of fact in the case, and the whole of it. That was whether the witnesses who had stated the facts were worthy of credit. There was no evidence except that of the witnesses for the people. There was no conflict, and no difference as to the facts among the witnesses. These facts were sufficient to constitute the offence. All that there was for the jury to determine was whether the witnesses should be believed. If they were believed, a certain state of facts was proved, and from that the conclusion was a legal one, that the prisoner was guilty of a certain crime. I entertain no doubt that the Court had the same right to pronounce upon the law as the jury upon the facts. I agree fully with. Judge SELDEN'S reasoning on this point. It follows that in this case it was the duty of the judge to instruct the jury what crime the prisoner had committed, because the facts were undisputed, and were not circumstantial but direct evidence of the commission of an offence by two persons, of whom the prisoner was one. It is true that the judge instructed the jury that the evidence showed the commission of one of three offences. It is objected that there was an uncertain and insufficient declaration of the law. But we must assume that the judge did instruct the jury as to these various offences. The case brings before us only so much of the charge as presents a single question, and the presumption is that the jury were properly instructed on all other points. *Page 597 
The evidence that the stolen property was found in a certain place, in consequence of what the prisoner told an officer, was properly received, although the confession to the officer was not evidence, because obtained by promises of favor. I am satisfied with the rule and the reasoning given in Warrichshall's Case (1 Leach, 298), and in Greenleaf's Evidence, vol. 1, §§ 231, 232, on this point. (See, also, 9 C. P., 364.) Confessions obtained by promises or threats are not received in evidence by our law, not because of any reason of public policy, or from any faith towards criminals, but simply because they are considered not worthy of credit. But where the facts show that any part of such confession is true, the reason no longer exists. (See note to 1 Leach, 301.) All that was proved in this case was that the officer went to a place indicated by the prisoner and found the stolen property. The prosecutor did not ask what the prisoner said about the property, or where it was, nor even prove that the prisoner said that he had placed it where it was found. He simply testifies that he went to a pawnbroker's shop to get the stolen property, in consequence of what the prisoner told him about it. I cannot see the least doubt that this was good evidence.
There was no error at the trial and the conviction should be affirmed.
All the judges concurred that the jury are bound by the instructions of the court as to the law.
Judgment affirmed. *Page 598